## GALVESTON DRY DOCK & CONSTRUCTION CO. v. UNITED STATES SHIPPING BOARD MERCHANT FLEET CORPORATION.

Circuit Court of Appeals, Fifth Circuit.
March 9, 1929.

No. 5209.

Maco Stewart, of Galveston, Tex., and Albert J. DeLange, of Houston, Tex., for plaintiff in error.

H. M. Holden, U. S. Atty., of Houston, Tex., for defendant in error.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This is a writ of error sued out to reverse a judgment of the District Court of the United States for the Southern District of Texas, dismissing the plaintiff's cause of action; plaintiff (plaintiff in error) having declined to plead further after the court had sustained a general demurrer and a special exception, setting up the statute of limitations, to its third amended original petition. The only question presented is whether or not the third amended original petition set out a good cause of action, and one not barred by the statute of limitations of Texas.

This is the second time the case has been here. On the former appeal, the judgment of the District Court was reversed upon the ground that the contracts sued upon were not binding upon the defendant sued. The same contracts that were the basis of the cause of action set out in plaintiff's amended petition, which was before this court upon the former appeal, are the basis of the third amended original petition, to which the court below sustained a demurrer and an exception of the statute of limitations; a ruling which resulted in the judgment of dismissal, from which the present writ of error is sued out.

These contracts consist of three orders for labor and material for the repair and reconditioning of the concrete vessel Lathem, given the plaintiff by the United States Shipping Board, which are set out in the former opinion of this court. 13 F.(2d) 608. All three contracts contained this provision: "Work to be performed on time and material basis, charged to the account of the United States Shipping Board." The orders were signed by officers of the Emergency Fleet Corporation. Upon the former appeal, this court held that by the terms of Merchant Marine Act 1920, §§ 12, 35 (41 Stat. 993, 1007), authority to repair and recondition the Lathem was vested solely in the Shipping Board, though it might exercise such power through the Emergency Fleet Corporation, as its agent; that the contracts sued on, made in September, 1920, by the Emergency Fleet Corporation for the repair of the Lathem, "work to be charged to the account of the United States Shipping Board," were contracts made for the Shipping Board by the Fleet Corporation, as its agent, and did not obligate the Fleet Corporation to pay for the repairs contracted for, either as principal or agent; not as principal, because it was not a principal, and not as agent, because an agent or branch of the government is not personally liable on a contract made on behalf of its principal, while acting within the scope of its authority. This court also held that the Fleet Corporation had authority, as agent of the Shipping Board, to make for it the contracts here sued upon.

The court further held that the plaintiff was charged with knowledge of the

law that the Fleet Corporation had no authority to bind itself, as principal, in contracting for the repairs for the Lathem, but could only act in the capacity of agent for the Shipping Board, and that the contracts sued upon imposed no liability upon the Fleet Corporation. As the present pleading which we are called upon to consider relies upon the identical contracts that were before the court upon the former appeal, for the reasons given in the opinion upon the former appeal, the demurrer to the third amended original petition was properly sustained.

The defendant cannot be held liable upon the principle that it acted without authority, or in excess of its authority as agent for the Shipping Board in making the contracts sued on; since it was held on the former appeal that the defendant, as such agent, had authority to make the contracts sued on for its disclosed principal, the Shipping Board.

This court also held upon the former appeal that, "in the absence of fraud, accident, or mistake, it is not open to a party to a written contract to prove parol agreements or understandings between the parties before or at the time of execution of a contract, at variance with or contradictory to its terms." The third amended original petition relies upon fraud, accident, and mistake for the first time. If they are set up as an independent cause of action, it is barred by the statute of limitations of Texas (Rev. St. Tex. 1925, art. 5527), if they are relied upon to open the door to admit oral evidence to contradict the written contracts sued upon, they are insufficient for that purpose. The contracts sued upon show, on their face, that the Shipping Board was the principal, and the defendant merely its agent. The plaintiff was charged with knowledge of this relation. Having such knowledge, the plaintiff could not have been misled by any declarations or conduct of the defendant's officers. No estoppel could arise in favor of the plaintiff, because of such declarations or conduct, in view of such knowledge imputed to plaintiff. There could have been no fraud, accident, or mistake as to the true relation between the defendant and its principal, the Shipping Board, because the true relation appeared from the very terms of the contracts, and because of the plaintiff's knowledge thereof. The declarations and acts of the officers of defendant were consistent with that relation, since what they said and did they could as well have said and done in behalf of the defendant in its capacity as agent for the Shipping Board as in its capacity as principal.

The case, as now presented, differing in no material respect from that presented on the former appeal, the judgment of the District Court is affirmed.