## GALVESTON DRY DOCK & CONSTRUC-TION CO. v. UNITED STATES et al.

### No. 1474.

District Court, S. D. Texas, Galveston Division.

April 23, 1934.

A. D. DeLange, of Houston, Tex., and Maco Stewart and Brantly Harris, both of Galveston, Tex., for libelant.

H. M. Holden, U. S. Atty., of Houston, Tex., for respondents.

KENNERLY, District Judge.

This is a libel in personam, filed December 24, 1932, under section 5 of the Suits in Admiralty Act of March 9, 1920 (41 Stat. 525, sections 741 to 752, title 46, USCA; Johnson v. United States Shipping Board, 280 U. S. 320, 50 S. Ct. 118, 74 L. Ed. 451), and the Amendatory Act of June 30, 1932 (47 Stat. 420, sections 743a and 745, title 46, USCA), by the Galveston Dry Dock & Construction Company against the United States of America and the United States Shipping Board Merchant Fleet Corporation (formerly the United States Shipping Board Emergency Fleet Corporation), to recover $27,067.18 and interest alleged to be due and owing for work done and material furnished by libelant under three contracts evidenced by libelant's acceptance of written orders, dated, respectively, September 24, 1920, September 25, 1920, and October 4, 1920, for repairs, etc., on the steamship Latham, at that time a merchant vessel owned by the United States through the United States Shipping Board (Merchant Marine Act of June 5, 1920, § 3, 41 Stat. 989 [46 USCA § 804]). Except as to dates and attached itemized statement of work and material, the three orders are substantially the same, and are as shown in the note.[1]

---

[1] "Authorization to Perform Work Chargeable Division of Construction and Repair. United States Shipping Board Emergency Fleet Corporation to Galveston Dry Dock & Construction Co. Date, September 24, 1920. You are hereby authorized to perform work on the steamship Latham as itemized in attached Req. No. G-88-d-21. Work to be performed on time and material basis, charged to the account of the United States Shipping Board, to be audited and checked by representatives of the comptrollers; statement covering the cost to be rendered to the Division of Construction and Repair at New Orleans, La. In performing work requested on this order, workmanship and materials must be of the very best throughout and in no case will materials of less weight or thickness than the original be allowed for the parts replaced, and in every case must meet the require-

1. Respondents pleaded that this suit was not brought within two years, as required by the Suits in Admiralty Act March 9, 1920 (section 745, title 46 USCA), and that the facts do not bring it within the Amendment of June 30, 1932[2] (section 745, title 46, USCA), and that libelant, for that reason, may not have relief here.

The facts are that prior to January 6, 1930, i. e., July 24, 1923, libelant instituted in this court, under the Suits in Admiralty Act, admiralty suit No. 1195, against the United States Shipping Board Emergency Fleet Corporation (herein referred to for brevity as suit 1195), on this identical cause of action. Service was had, and the Fleet Corporation, August 27, 1923, filed exceptions, setting up, among other things, that the suit had not been brought within two years as required by such act, and insisted on such exceptions. September 15, 1923, libelant dismissed its suit, and the parties here stipulate: "It is agreed by the parties hereto that libellant dismissed said suit because it had not been brought within the time prescribed by the Suits in Admiralty Act and respondent was insisting upon said exceptions, pleading limitation of two years and that proctors for libelant in that case would so testify."

Respondent insists that, since suit 1195 was dismissed on motion of libelant, it is not a suit such as is contemplated by such amendment. The language of the amendment is broad enough to include a dismissal on motion of the libelant. Dismissals for want of prosecution are excepted, and, had Congress intended to except dismissals such as the one in suit 1195, similar and appropriate lan-

---

ments of the Classification Society, the owner or his representative, and the Steamboat Inspection Service, United States Department of Commerce. No extras will be allowed, unless covered by separate written order duly authorized on this form. While the vessel is undergoing repairs or alterations at the contractor's yard or wharf, the contractor shall be held responsible for and make good at his expense, and all damage of whatsoever nature, or/and loss to the vessel or/and its equipment or/and its movable stores, except where such damage or loss is due to causes beyond the contractor's control. The contractor is to fully protect the ship and owners against any and all claims for injury to workmen engaged by him or his subcontractors in carrying out work on vessel. It is agreed that the work outlined in attached requisition shall be completed by October 5, 1920, without working overtime. (Signed) W. A. Ridout, Asst. Dist. Mgr. Repairs, By Thos. G. Fielding, Accredited Representative Division of Construction and Repair Department. Though the above is not meant to be in the nature of a contract, it is, however, to be a guide for this department, and, if the work is not completed by you in a reasonable time, we will consider ourselves justified in canceling our order with you and re-awarding the incompleted work to some other contractor."

2 This amendment is as follows:

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That the Suits in Admiralty Act (41 Stat. 525; U. S. C., title 46, secs. 741–745), approved March 9, 1920, is amended to read as follows:

"Sec. 5. That suits as herein authorized may be brought only on causes of action arising since April 6, 1917: Provided, That suits based on causes of action arising prior to the taking effect of this Act shall be brought within one year after this Act goes into effect; and all other suits hereunder shall be brought within two years after the cause of action arises: Provided further, That the limitations in this section contained for the commencement of suits hereunder shall not bar any suit against the United States or the United States Shipping Board Merchant Fleet Corporation, formerly known as the United States Shipping Board Emergency Fleet Corporation, brought hereunder on or before December 31, 1932, if such suit is based upon a cause of action whereon a prior suit in admiralty or an action at law or an action under the Tucker Act of March 3, 1887 (24 Stat. 505; U. S. C., title 28, sec. 250, subdiv. 1), was commenced prior to January 6, 1930, and was or may hereafter be dismissed because not commenced within the time or in the manner prescribed in this Act, or otherwise not commenced or prosecuted in accordance with its provisions: Provided further, That such prior suit must have been commenced within the statutory period of limitation for common-law actions against the United States cognizable in the Court of Claims: Provided further, That there shall not be revived hereby any suit at law, in admiralty, or under the Tucker Act heretofore or hereafter dismissed for lack of prosecution after filing of suit: And provided further, That no interest shall be allowed on any claim prior to the time when suit on such claim is brought as authorized hereunder.

"Approved, June 30, 1932."

462

guage to that effect would doubtless have been used.

It is also said that suit 1195 was not against the United States, but only against the Fleet Corporation. That is true, but, considering the purpose of its enactment, and the expressions of Committees of Congress in connection with its enactment, Phœnix Ins. Co. v. United States (D. C.) 3 F. Supp. 112, 113; Adders v. United States (D. C.) 5 F. Supp. 457, decree affirmed (C. C. A.) 70 F.(2d) 371, such amendment must be regarded as remedial in its nature, and its wording does not exclude suit 1195, because the United States was not a party thereto. I think the correct rule is stated in Adders v. United States, supra.

After such dismissal of suit 1195, and prior to January 6, 1930, i. e., September 15, 1923, libelant brought a suit or action at law against the Fleet Corporation on this identical cause of action, which respondent also contends was not a suit contemplated by such amendment. Such suit (referred to for convenience as suit 771) was begun in the state court, removed by the Fleet Corporation into this court. Judgment went for libelant, but it was reversed, and cause remanded by the Circuit Court of Appeals, United States Shipping Board Emergency Fleet Corporation v. Galveston Dry Dock & Const. Co., 13 F.(2d) 607, certiorari denied 273 U. S. 725, 47 S. Ct. 237, 71 L. Ed. 860, holding the United States Shipping Board, if anyone, and not the Fleet Corporation, liable to libelant. Libelant then filed its third amended petition, setting up against the Fleet Corporation the same cause of action, and in addition, and for the first time, fraud, accident, and mistake. The Fleet Corporation filed a plea of limitation, and, without waiving same, filed its third amended answer, which contained a general demurrer, and a special exception setting up limitations. Both the general demurrer and special exception were sustained, and libelant's action dismissed.[3] On appeal, this was affirmed by the Circuit Court of Appeals. Galveston Dry Dock & Const. Co. v. United States Shipping Board Merchant Fleet Corporation, 31 F.(2d) 247, certiorari denied 280 U. S. 558, 50 S. Ct. 17, 74 L. Ed. 614. If such judgment of dismissal is a valid judgment in the light of the holding in Johnson v. United States Shipping Board Emergency Fleet Corporation, supra, that courts of admiralty only have jurisdiction of suits of this kind, under the suits in Admiralty Act, then it was there adjudged: (a) That the Fleet Corporation was not liable to libelant; (b) that the suit was not filed within the time prescribed by the statutes of limitation, but it is not enirely clear whether the two-year statute of the Suits in Admiralty Act, or the Texas statute, was meant.

It is clear, however, that such suit 771 was dismissed, because not commenced in the manner (if not within the time) prescribed by the Suits in Admiralty Act, and because not commenced and/or prosecuted in accordance with its provisions. Johnson v. United States Shipping Board Emergency Fleet Corporation, supra.

▌ I think libelant presents a case coming within the amendment (June 30, 1932), and that this court has jurisdiction. I think also respondents' plea of misjoinder is without merit.

▌ 2. Coming now to the merits. The case has been submitted on the testimony, depositions, exhibits, etc., upon the trials in suit 771. The case made thereby for libelant is substantially the same as made upon the first trial and appeal of suit 771 (13 F.(2d) 607), and because the Fleet Corporation was the agent, and not the principal, in the transactions between it and libelant, libelant may not recover against it. (C. C. A.) 13 F.(2d) 607; (C. C. A.) 31 F.(2d) 247.

This view renders it unnecessary to determine as to the effect of the judgment of dismissal in suit 771, and whether it is res adjudicata as between libelant and the Fleet Corporation.

▌ 3. The facts show that, in accordance with the contracts hereinbefore mentioned, li-

[3] This order is as follows:

"On consideration of the general demurrer and exceptions of defendant to the third amended original petition of plaintiff, it is now on this fifth day of August, A. D. 1927, ordered, adjudged and decreed that the general demurrer be and same is hereby sustained and special exception setting up defense of limitation is also sustained, to which order of the Court, the plaintiff, Galveston Dry Dock & Construction Company, then and there in open Court duly excepted, and said plaintiff having refused to amend further, the Court orders said petition and said cause dismissed and that defendant do have and recover costs against plaintiff, to which said plaintiff then and there in open Court excepted and then and there in open Court gave notice of appeal to the Circuit Court of Appeals for the Fifth Circuit of United States at New Orleans."

belant did the labor and furnished the material for the repairs on the Latham, at its dry dock at Galveston, and that libelant has not been paid a balance of $24,681.08, for labor and material for repairs thereon, made necessary by libelant having submerged the Latham and the floating dry dock on which she had been placed for repairs at Galveston, because of, and in order to protect her in, a threatened hurricane of reported great force and intensity. With respect thereto, I find:

(a) Libelant was not negligent in submerging the Latham, and that a reasonably prudent person, under the same or similar circumstances (i. e., United States Weather Bureau Reports that a hurricane of great force and intensity was likely to strike Galveston, etc.), would have done the same thing.

(b) Libelant was not negligent in the matter of the time or manner in which the Latham was submerged, and, in submerging her, libelant exercised the precautions, and did the things, that a reasonably prudent person would have exercised and done under the same or similar circumstances.

(c) The balance owing libelant ($24,681.-08) is for labor and material made necessary by such submerging, and the amount charged is reasonable.

(d) It is said in the answer of respondent, the United States of America: "This respondent denies any liability herein, but admits that if there was any liability, it was that of the United States and not the United States Shipping Board Merchant Fleet Corporation."

It follows that libelant is entitled to judgment against the United States of America for $24,681.08, with interest (see section 743a, title 46, USCA), from the date of filing this suit by libelant (December 24, 1932).

Let a decree be prepared and presented accordingly.