UNITED STATES et al. v. GALVESTON DRY DOCK & CONST. CO.

No. 7584.

Circuit Court of Appeals, Fifth Circuit.
March 21, 1935.

Rehearing Denied April 13, 1935.

F. R. Conway, Atty., U. S. Shipping Board, and J. Frank Staley, Atty., Dept. of Justice, both of Washington, D. C., and Douglas W. McGregor, U. S. Atty., of Houston, Tex., for the United States.

Albert J. DeLange, of Houston, Tex., and Brantly Harris and Maco Stewart, both of Galveston, Tex., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

This is a libel filed by appellee on December 24, 1923, for repairs made in 1920 to the Steamship Latham, against the United States, its owner, and the Emergency Fleet Corporation. A prior libel, in all respects similar except that it was against the Fleet Corporation only, brought in July, 1923, was in September 1923, dismissed by the libelant, as it is stipulated, not because of a lack of prosecution, but for the reason that "it had not been brought within the time prescribed by the Suits in Admiralty Act, and respondent was insisting" by exception upon the two-year statute of limitations. On the same day it was dismissed appellee brought an action at law against the Fleet Corporation, which after much litigation was finally held not liable. United States Shipping Board Emergency Fleet Corporation v. Galveston Dry Dock & Construction Co. (C. C. A.) 13 F.(2d) 607; Id. (C. C. A.) 31 F.(2d) 247.

Section 5 of the Suits in Admiralty Act prescribes a two-year statute of limitations (46 USCA § 745). Appellee relies for recovery on the amendment to that act approved June 30, 1932, 47 Stat. 420 (46 USCA §§ 743a, 745). From a decree in its favor this appeal is taken, on the sole ground that this is not such a suit as is contemplated by the amendment of 1932. That amendment was adopted in view of a decision by the Supreme Court rendered in 1930, in which it was held that the remedy provided by the Suits in Admiralty Act for maritime causes of action is exclusive. Johnson v. Fleet Corporation, 280 U. S. 320, 50 S. Ct. 118, 74 L. Ed. 451. The decision in the Johnson Case was contrary to the rulings of many inferior federal courts which had theretofore interpreted the case of Sloan Shipyards v. Fleet Corporation, 258 U. S. 549, 42 S. Ct. 386, 66 L. Ed. 762, decided in 1922, as authorizing actions at law as well as suits in admiralty against the Fleet Corporation. It was therefore provided by the amendment that the limitation of two years prescribed by the original section should not bar any suit brought thereunder provided a prior suit either in admiralty or at law on the same cause of action had been commenced prior to the decision in the Johnson Case, and within the statutory period of limitations prescribed for common-law actions against the United States; and provided further that such prior suit had not been, or should not be, "dismissed for lack of prosecution." The libel here brought comes well within the letter and the spirit of the amendment. The first libel was brought within the statutory period of limitations applicable to actions at law. It is immaterial that it was brought against the Fleet Corporation without joining the United States as a party defendant. Adders v. United States (C. C. A.) 70 F.(2d) 371. The contention on behalf of the United States is that the present libel may not be maintained because the voluntary dismissal of the earlier one was tantamount to a dismissal for lack or want of prosecution. In our opinion this position is wholly untenable. In the first place, it is stipulated that the dis-

missal relied on was entered, not because of a lack of prosecution, but because of exceptions based upon the two-year statute of limitations prescribed by the Suits in Admiralty Act. Besides, a voluntary dismissal by a plaintiff who becomes convinced that he cannot successfully maintain his suit is essentially different from an order of dismissal by the court for want of prosecution.

The decree is affirmed.