JOHNSON *v.* U. S. SHIPPING BOARD EMERGENCY FLEET CORPORATION.[1]

U. S. SHIPPING BOARD EMERGENCY FLEET CORPORATION ET AL. *v.* LUSTGARTEN.

FEDERAL SUGAR REFINING COMPANY *v.* UNITED STATES.

ROYAL INSURANCE COMPANY, LTD., ET AL. *v.* U. S. SHIPPING BOARD MERCHANT FLEET CORPORATION.

Nos. 5, 32, 56, and 123.   Argued November 26, 27, 1929.—Decided January 6, 1930.

[1]Act of February 11, 1927, § 1, c. 104, 44 Stat. 1083, U. S. C. Title 46, § 810a, changed the name of the United States Shipping Board Emergency Fleet Corporation to United States Shipping Board Merchant Fleet Corporation.

*Messrs. Silas B. Axtell* and *Myron Scott,* the latter *pro hac vice* by special leave of Court, with whom *Messrs. Charles A. Ellis, Challen B. Ellis,* and *C. Alexander Capron* were on the briefs, for Johnson and Lustgarten.

*Mr. Oscar R. Houston,* with whom *Mr. F. Herbert Prem* was on the brief, for the Federal Sugar Refining Company.

*Mr. John C. Crawley* for the Royal Insurance Company et al.

*Mr. Claude R. Branch,* Special Assistant to the Attorney General, with whom *Solicitor General Hughes, Assistant Attorney General Farnum,* and *Messrs. J. Frank Staley* and *Chauncey G. Parker,* General Counsel, U. S. Shipping Board, were on the briefs, for the United States and the Fleet Corporation.

Mr. Justice Butler delivered the opinion of the Court.

## No. 5.

August 1, 1920, petitioner was an unemployed seaman. The steamship Jacksonville, then lying in the port of Jacksonville, Florida, was a merchant vessel owned by the United States and operated for it by the Fleet Corporation. On that day, petitioner went aboard to seek employment and, when returning to the shore, fell from the gangplank and suffered serious injuries. This is an action at law brought by him in April, 1923, against the Fleet Corporation in the Supreme Court of New York to recover damages for such injuries. The complaint alleges that, due to the negligence of the defendant's officers and employees, the gangplank was insecure and that plaintiff's injuries were caused thereby. The defendant removed the case to the United States District Court for the Eastern District of New York. Its answer denies the negligence charged in the complaint and alleges that plaintiff was guilty of contributory negligence; that, whatever his rights, plaintiff's remedy is provided exclusively by the Suits in Admiralty Act, approved March 9, 1920, 41 Stat. 525, 46 U. S. C., § 741 *et seq.*, and that his claim is barred because, as appears by the complaint, the action was not commenced within the two years prescribed by that Act. The District Court submitted the case to a jury and charged that, if guilty of contributory negligence, plaintiff could not recover. There was a verdict for defendant and the judgment thereon was affirmed by the Circuit Court of Appeals. 24 F. (2d) 963.

## No. 32.

March 6, 1926, the steamship Coelleda was a merchant vessel owned by the United States and operated for it by the Navigation Company as agent pursuant to an

agreement made by the United States acting through the Shipping Board represented by the Fleet Corporation. Merchant Marine Act, 1920, §§ 12, 35, 41 Stat. 993, 1007, 46 U. S. C., §§ 871, 886. Respondent was a seaman employed thereon. This is an action at law brought by him in the United States District Court, Southern District of New York, against the Fleet Corporation and the Navigation Company to recover damages for injuries alleged to have been sustained by him while in that service. The complaint alleges two causes of action: (1) that, due to the negligent failure of defendants to furnish him a safe place in which to work, plaintiff was severely injured; and (2) that, being injured and in need of medical treatment and rest, he was refused such treatment by the master and officers of the ship and was compelled to continue to work. The answer of each defendant denies the negligence and wrongful acts charged in the complaint and alleges that, whatever his rights, plaintiff's remedy is provided exclusively by the Suits in Admiralty Act, and that therefore this action cannot be maintained. The trial court dismissed the first cause of action; and, after denying defendants' motion that a verdict in their favor be directed, submitted the second to a jury. There was a verdict for plaintiff, and the judgment entered thereon was affirmed by the Circuit Court of Appeals.

## No. 56.

The United States owned and, through the Shipping Board and West India Steamship Company as agent, operated the merchant vessel Cerosco. In February, 1920, at Sagua La Grande, Cuba, sugar was delivered to the vessel for transportation to New York and delivery there in accordance with bills of lading issued by the master. The vessel arrived in New York in the month following but, because some of the sugar was lost and some was

damaged on the voyage, she failed to make delivery as agreed. January 5, 1924, this action was brought by petitioner in the District Court for the Southern District of New York against the United States under the Tucker Act, Judicial Code, § 24(20), 28 U. S. C., § 41(20), to recover damages—less than ten thousand dollars—for failure to perform the contracts evidenced by the bills of lading. The trial court gave judgment for the defendant. The Circuit Court of Appeals, being of opinion that the limitations prescribed by the Suits in Admiralty Act governed, held that the action was too late and affirmed the judgment. 30 F. (2d) 254.

### No. 123.

The steamship Eastern Glade was a merchant vessel owned by the United States and operated by the Fleet Corporation. Merchandise was delivered to the vessel at New York for transportation to various destinations and delivery upon the orders of the consignees. Two actions, one by underwriters and the other by owners, were brought against the Fleet Corporation in the Supreme Court of New York to recover for loss and damage of cargo alleged to have been caused by the negligence of the defendant. The causes of action accrued in December, 1922. The suits were not commenced until September 7, 1928, long after the expiration of the period of limitations fixed by the Suits in Admiralty Act but within the six years allowed by the New York statute. Civil Practice Act, § 48. Defendant removed the suits to the District Court for the Southern District of New York where they were consolidated. The case was tried by the court without a jury upon the complaints and a stipulation which provided that defendant should be deemed by appropriate pleadings to have raised the objection that the Suits in Admiralty Act affords an exclusive remedy for all causes of action for which a libel

in admiralty may be filed thereunder. The court held that the remedy provided by the Act is exclusive and dismissed the case for want of jurisdiction. 30 F. (2d) 946. Plaintiff appealed to the Circuit Court of Appeals for the Second Circuit. We granted this writ before the determination of the case in that court.

In each of these cases there is involved the question whether the Suits in Admiralty Act excludes the remedy invoked by plaintiff.

Section 1, in view of the provision made for libel *in personam*, prevents the arrest or seizure by judicial process of any vessel owned by, in the possession of or operated by or for the United States or any corporation in which the United States or its representatives own the entire outstanding capital stock. Section 2 declares that, in cases where if such vessel were privately owned or operated a proceeding in admiralty could be maintained " at the time of the commencement of the action herein provided for," a libel *in personam* may be brought against the United States or against such corporation, provided that such vessel is employed as a merchant vessel. The pertinent provisions of the Act are printed in the margin of our opinion in *Fleet Corporation* v. *Rosenberg Bros.*, 276 U. S. 202, 209, *et seq.*

Prior to the passage of the Act, merchant vessels of the United States were subject to seizure. § 9, Shipping Act, September 7, 1916, 39 Stat. 730. *The Lake Monroe*, 250 U. S. 246. And the Fleet Corporation was liable to be sued in state or federal courts on causes of action arising out of the operation of such ships. Cf. *Sloan Shipyards* v. *U. S. Fleet Corp.*, 258 U. S. 549. The Act relieved the United States of the inconvenience resulting from such seizures and gave remedy by libel *in personam* against the United States and such corporations. *Blamberg Bros.* v. *United States*, 260 U. S. 452, 458. But

that is not its only purpose. It authorizes libel *in personam* where there is nothing on which recovery *in rem* could be had. *Eastern Transp. Co. v. United States,* 272 U.-S. 675. And it furnishes the exclusive remedy in admiralty against the United States and such corporations on maritime causes of action arising out of the possession and operation of merchant vessels. In *Fleet Corporation v. Rosenberg Bros., supra,* we said (p. 213):

" It provides a remedy in admiralty for adjudicating and satisfying all maritime claims arising out of the possession or operation of merchant vessels of the United States and the corporations, in which the obligation of the United States is substituted for that of the corporations. To that end it furnishes a complete system of administration, applying to the United States and the corporations alike, by which uniformity is established as to venue, service of process, rules of decision and procedure, rate of interest, and periods of limitation; and not only provides that the judgments against the corporations, as well as those against the United States, shall be paid out. of money in the Treasury, but repeals the inconsistent provisions of all other Acts. In view of these provisions of the Act we cannot doubt that it was intended to furnish the exclusive remedy in admiralty against the United States and the corporations on all maritime causes of action arising out of the possession or operation of merchant vessels. And nothing in its legislative history indicates a different purpose. It follows that after the passage of the Act no libel in admiralty could be maintained against the United States or the corporations on such causes of action except in accordance with its provisions . . ."

On the facts above stated it is clear that each of the causes of action arose out of the possession or operation of a merchant vessel by. or for the United States. Directly or mediately, the money required to pay a judg-

ment against any of the defendants in these cases would come out of the United States. It is the real party affected in all of these actions. § 8, Suits in Admiralty Act; 46 U. S. C., § 748. Cf. *Minnesota* v. *Hitchcock*, 185 U. S. 373, 387.

The analysis of the Act and the reasons on which rests our decision in *Fleet Corporation* v. *Rosenberg Bros.* apply here. Putting the United States and the Fleet Corporation on the same footing and providing remedies to be exclusive in admiralty would not serve substantially to establish uniformity if suits under the Tucker Act and in the Court of Claims be allowed against the United States and actions at law in state and federal courts be permitted against the Fleet Corporation or other agents for enforcement of the maritime causes of action covered by the Act. Such a failure of purpose on the part of the Congress is not readily to be inferred. We conclude that the remedies given by the Act are exclusive in all cases where a libel might be filed under it. As shown above, § 2 authorizes a libel *in personam* against the United States or against the Fleet Corporation in each of these cases. It follows that on disclosure—whether by pleading or proof—of the facts aforesaid, the District Court should have dismissed each case for lack of jurisdiction.

*Judgments in Nos. 5, 32 and 56 reversed and causes remanded with directions to dismiss.*
*Judgment in No. 123 affirmed.*