MAURO FILIPPO, Respondent, Appellant, *v.* UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION and Another, Appellants, Impleaded with EMPIRE STEVEDORING COMPANY, INC., Respondent.

First Department, January 31, 1930.

116

*Harold R. Medina* of counsel [*Joseph Levy* and *William F. McNulty* with him on the brief; *Levy & Becker*, attorneys], for the plaintiff.

*John C. Donovan* of counsel [*Charles H. Tuttle, United States Attorney*, for United States Shipping Board Emergency Fleet Corporation; and *Edgar G. Wandless*, attorney, for Black Diamond Steamship Corporation], for the defendants, appellants.

*Clarence S. Zipp* of counsel [*E. C. Sherwood*, attorney], for the defendant, respondent.

O'MALLEY, J.   The judgment as against the defendants United States Shipping Board Emergency Fleet Corporation and Black Diamond Steamship Corporation must be reversed and the complaint dismissed.   (*Johnson* v. *Fleet Corporation*, 280 U. S. 320.) The case cited and those decided therewith on January 6, 1930, hold that the remedies given by the Suits in Admiralty Act of March 9, 1920 (41 U. S. Stat. at Large, 525, chap. 95; U. S. Code, tit. 46, §§ 741 *et seq.*), are exclusive in all cases where a libel might be filed thereunder, and that State courts are without jurisdiction of causes of action arising out of the possession or operation of a merchant vessel by or for the United States where action or actions might have been brought in admiralty.   Here, concededly, the vessel upon which the plaintiff sustained his injuries was owned by the defend-

ant United States Shipping Board Emergency Fleet Corporation and was operated at the time by the defendant Black Diamond Steamship Corporation.

The judgment dismissing the complaint as against the defendant Empire Stevedoring Company, Inc., must also be reversed and a new trial granted, but upon other grounds. The plaintiff, a stevedore, was employed by such defendant and was injured while engaged in loading the vessel with barrels of oil. His complaint was dismissed upon the theory that no negligence was shown. In our view there were clearly questions of fact upon this issue which required submission to the jury. The plaintiff was a seaman within the purview of the Jones Act,* and entitled to its benefits, chief among which is the abrogation of the so-called fellow-servant rule. (*International Stevedoring Co.* v. *Haverty,* 272 U. S. 50.) There was clearly presented a question of whether the defendant's foreman, Azzolini, under whose direction the plaintiff was working, was guilty of negligence in failing to make reasonable inspection of the hold of the vessel for the purpose of determining whether it afforded a reasonably safe place in which to carry on the work in question, and also whether there was negligence on the part of the plaintiff's fellow-servant, Camporeale. in performing the particular act which was the immediate cause of the plaintiff's injuries.

It follows that the judgment as to the defendants United States Shipping Board Emergency Fleet Corporation and Black Diamond Steamship Corporation should be reversed, with costs to defendants, appellants, against the plaintiff, and the complaint dismissed, with costs, and the judgment in favor of the defendant Empire Stevedoring Company, Inc., be reversed and a new trial granted, with costs to the plaintiff, appellant, to abide the event.

DOWLING, P. J., MERRELL, MARTIN and PROSKAUER, JJ., concur.

Judgment as to defendants United States Shipping Board Emergency Fleet Corporation and Black Diamond Steamship Corporation reversed, with costs to said defendants against the plaintiff, and the complaint dismissed as to said defendants, with costs. Judgment as to defendant Empire Stevedoring Company, Inc., reversed and a new trial ordered as to said defendant, with costs to the plaintiff to abide the event.

---

* 41 U. S. Stat. at Large, 1007; U. S. Code, tit. 46, § 688.