THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY TREILING, Relator, v. JOSEPH A. WARREN, as Police Commissioner of the City of New York, Respondent.— Certiorari order sustained, determination of police commissioner annulled, and fine remitted, with fifty dollars costs and disbursements to the relator. We are of opinion that the determination was based upon suspicion and not upon fact. Lazansky, P. J., Rich, Hagarty and Scudder, JJ., concur; Kapper, J., dissents and votes to affirm.

L. SEVERINO & SON, INC., Respondent, v. WEBSTER KRESS REALTY CORPORATION, Appellant. MAZZA CONCRETE CO., INC., Defendant.—Order affirmed, with ten dollars costs and disbursements. Although the order from which the appeal is taken denies the motion entirely, respondent will be held to its stipulation that the issues presented by the second separate defense and alleged counterclaim and the reply thereto shall first be tried by the court at Special Term. In other words, the question of the accounts stated is to be determined before the other issues shall be tried. No opinion. Lazansky, P. J., Young, Kapper, Carswell and Scudder, JJ., concur.

EDWARD H. SUTLIFF, as Administrator, etc., of MINNIE L. SUTLIFF, Deceased, Respondent, v. HUGO LANGERFELD, Appellant. PAUL LANGERFELD and Others, Defendants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.

DAVID TENENBAUM, Trading as ABORN SHIRT MANUFACTURING COMPANY and TANEN SHIRT MANUFACTURING COMPANY, Appellant, v. HARTFORD FIRE INSURANCE COMPANY and Others, Respondents.— Judgment reversed upon the law and the facts and a new trial granted, costs to abide the event. The record herein did not warrant the submission to the jury of any issue of fact respecting whether or not the fire was of an incendiary origin or whether or not the plaintiff was a party to a conspiracy to procure such an incendiary fire. The court further erred in allowing such portions of defendants' Exhibit TTTTT in evidence, in so far as that exhibit contained the witness Bercu's conclusions as to whether items were or were not fictitious. Likewise, it was error to receive in evidence testimony of the acts of the various employees of the Point Green Shirt Company without proof of responsibility therefor on the part of the plaintiff. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.

SAMUEL WEINSTEIN and WILLIAM MARX, Respondents, v. LANDA REALTY CORPORATION, Appellant.— Judgment, order amending judgment, and order denying motion for a new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

HENRY W. SCHAEFER, Respondent, v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION, Appellant.— Judgment reversed upon the law, with costs, and complaint dismissed, with costs. The facts show that the claimed liability arose out of the possession by and operation for the United States of America of one of its merchant vessels. A judgment would have to be paid out of the Treasury of the United States. The trial court had no jurisdiction to consider the subject-matter. (*Johnson* v. *Fleet Corporation*, 280 U. S. 320.) Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ., concur.