### ADDERS v. UNITED STATES.
### No. 371.

Circuit Court of Appeals, Second Circuit.

April 2, 1934.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (William E. Collins, Sp. Asst. to U. S. Atty., of New York City, of counsel), for the United States.

Samuel M. Brook, of New York City (Raiemond E. Dee, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

This appeal is confined to a single question, whether the amendment of 1932 to section 5 of the Suits in Admiralty Act (47 Stat. 420 [46 USCA § 745])[1] covers a case in which an earlier action, which was dismissed, was brought against the United

---

[1] "Sec. 5. That suits as herein authorized may be brought only on causes of action arising since April 6, 1917: Provided, That suits based on causes of action arising prior to the taking effect of this Act shall be brought within one year after this Act goes into effect (so in original); and all other suits hereunder shall be brought within two years after the cause of action arises: Provided further, That the limitations in this section contained for the commencement of suits hereunder shall not bar any suit against the United States or the United States Shipping Board Merchant Fleet Corporation, formerly known as the United States Shipping Board Emergency Fleet Corporation, brought hereunder on or before December 31, 1932, if such suit is based upon a cause of action whereon a prior suit in admiralty or an action at law or an action under the Tucker Act of March 3, 1887 (24 Stat. 505; U. S. C., title 28, sec. 250, subdiv. 1), was commenced prior to January 6, 1930, and was or may hereafter be dismissed because not commenced within the time or in the manner prescribed in this Act, or otherwise not commenced or prosecuted in accordance with its provisions: Provided further, That such prior suit must have been commenced within the statutory period of limitation for common-law actions against the United States cognizable in the Court of Claims: Provided further, That there shall not be revived hereby any suit at law, in admiralty, or under the Tucker Act heretofore or hereafter dismissed for lack of prosecution after filing of suit: And provided further, That no interest shall be allowed on any claim prior to the time when suit on such claim is brought as authorized hereunder."

372

States Shipping Board Emergency Fleet Corporation, and a later libel was filed against the United States. We have already decided the question in Hansen v. U. S., 67 F.(2d) 996, but the Board professes to be uncertain of our intent, because we wrote no opinion. The argument is that, if the original action at law was against the Fleet Corporation, it was on a different "cause of action" from the subsequent libel against the United States. We advert to the occasion for the change. In Johnson v. U. S. S. B. E. F. Corp., 280 U. S. 320, 50 S. Ct. 118, 74 L. Ed. 451, the Supreme Court had before it four actions and suits, three of which were against the Fleet Corporation and one against the United States. It decided that "the remedies given by the act are exclusive in all cases where a libel might be filed under it." Page 327 of 280 U. S., 50 S. Ct. 118, 120. This resulted in the dismissal of all actions or suits against the United States or the Fleet Corporation not brought under the Suits in Admiralty Act, and the amendment to section 5 followed, confessedly as a remedy to suitors who had been thus deprived of all relief. It is indeed true that a libel may be filed against the Fleet Corporation under section 2 of the Suits in Admiralty Act (46 USCA § 742), as well as against the United States. United States S. B. E. F. Corp. v. Rosenberg Brothers & Co., 276 U. S. 202, 211, 48 S. Ct. 256, 72 L. Ed. 531. Thus the Fleet Corporation might have been selected as respondent here instead of the United States; but in either case the libelant would serve the local United States attorney and the Attorney General with his libel (section 2); the suit would proceed in exactly the same way; and the decree would be paid out of the Treasury (section 8 of the act [46 USCA § 748]). We cannot in reason impute to Congress an intent in such circumstances to insist that, whichever of the two the libelant sued first, he must sue again. The phrase "cause of action" ordinarily does indeed involve the identity of the obligor, but it is at best a variable, comprising one content at one time, another at another. U. S. v. Memphis Cotton Oil Co., 288 U. S. 62, 68, 53 S. Ct. 278, 77 L. Ed. 619. In this connection it would balk the patent purpose of Congress, without the least justification, were we to insist upon the formal identity of the obligor, when both are in substance the same. The phrase meant that nexus of facts from which the law would impose a liability upon ship or owner, if the

ship were privately owned; and the two obligors might be shuffled freely.

Decree affirmed.