## DIETRICH v. UNITED STATES.

### No. 85.

Circuit Court of Appeals, Second Circuit.

Dec. 9, 1935.

de Forest, Cullom & Elder, of New York City. (James E. Freehill, of New York City, of counsel), for appellant.

F. W. H. Adams, U. S. Atty., and William E. Collins, Sp. Asst. U. S. Atty., both of New York City, for the United States.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from a decree in the admiralty dismissing a libel against the Fleet Corporation filed under section 2 of the Suits in Admiralty Act (section 742, title 46, U.S.Code [46 U.S.C.A. § 742]). The libel laid a good cause of suit for breach of contract in 1921 because of the deviation of a vessel owned by the Fleet Corporation; but, as it was filed on December 23, 1932, it was too late, unless saved by the amendment of June 30, 1932, to section 5 of the act (section 745, title 46, U.S.Code [46 U.S.C.A. § 745]). To bring the suit within that amendment the amended libel alleged that the libelant had filed an action at law on March 12, 1923, in the Supreme Court of New York which was removed to the District Court and dismissed, "but not on the merits." Also that the libelant filed an action against the operator of the ship, the Susquehanna Steamship Company, on which he obtained judgment by default on May 22, 1924; and that in a suit "to collect this judgment," filed against the Fleet Corporation on March 27, 1929, the judgment was held to be "void because the action against the Susquehanna Steamship Company was not commenced in accordance with the provisions" of the Suits in Admiralty Act. The respondent answered by pleading the substance of five

different actions or suits either upon the same cause of action or upon others derivative from it. It is unfortunately necessary to set these out in some detail.

(1) "The first libel." Dietrich first sued the Fleet Corporation in the admiralty in the District Court of the Eastern District of New York on July 27, 1922. This suit, which was upon the same cause of suit as the libel at bar, he voluntarily discontinued on December 29, 1922; in his answers to interrogatories in the present suit he says that he did so because the respondent threatened to dismiss the suit on the ground that it was filed in the wrong district. (2) "The first action against the Fleet Corporation." Dietrich next sued the Fleet Corporation at law in the state court on March 12, 1923; again on the same cause of action. This action was removed to the District Court for the Eastern District of New York, and the complaint was dismissed after a trial on February 15, 1924, for failure of proof; the judgment did not however recite that the dismissal was "upon the merits." Dietrich appealed to this court and the judgment was affirmed, August 10, 1925. Dietrich v. U. S. Shipping Board Emergency Fleet Corporation, 9 F.(2d) 733. He has attempted to secure the correction of a supposed mistake in this judgment, so that it may read to have been rendered "not on the merits"; the denial of that application is the basis of an appeal heard and decided with this. (3) "The action against the operator." The third suit was an action at law against the Susquehanna Steamship Company, begun in the state court on August 17, 1923, in which Dietrich got judgment by default on May 22, 1924, though he was never able to collect it as the defendant was insolvent. (4) "The second action against the Fleet Corporation." On February 8, 1926, he filed a complaint at law against the Fleet Corporation in the state court, setting up both the original cause of action in contract for deviation and that the defendant had promised to pay the judgment entered against the Susquehanna Steamship Company. He was successful in the District Court, but we reversed the judgment on July 9, 1928 [U. S. Shipping Board Merchant Fleet Corporation v. Dietrich, 27 F.(2d) 681], on an appeal in which Dietrich withdrew the cause of action upon contract. (5) "The suit in equity." The fifth and last suit was a bill in equity against the Fleet Corporation filed in the state court on March 27, 1929, alleging that it had promised to pay the expenses of the Susquehanna Steamship Company and that the judgment fell within that promise. This suit was removed to the District Court, and Judge Woolsey dismissed it on June 16, 1931. On January 6, 1930, the Supreme Court had held in Johnson v. U. S. Shipping Board Emergency Fleet Corporation, 280 U.S. 320, 50 S.Ct. 118, 74 L.Ed. 451, and several companion appeals, that the only remedy for injuries suffered by persons dealing with the Fleet Corporation or its operating agents was under the Suits in Admiralty Act, and the ground of Judge Woolsey's decision was that the judgment in "the action against the operator" was void for that reason. Dietrich appealed to this court, and we affirmed the decree on June 6, 1932 [Dietrich v. U. S. Shipping Board Merchant Fleet Corporation, 59 F.(2d) 202], but on the ground that the suit itself was non coram judice, because not filed under the Suits in Admiralty Act. After filing its answer setting up all these suits, and interrogating the libelant as we have said, the respondent moved to dismiss the libel on the pleadings and the records in the suits. The libelant raises no objection to the practice so adopted and we shall not; we shall consider the records as though actually before the District Court upon a trial and dispose of the cause on that basis. Judge Knox dismissed the libel because it was not filed under the amendment to section 5 and the libelant appealed.

To succeed, Dietrich must point to some action or suit "based upon" the same "cause of action," which was "dismissed because not commenced within the time or in the manner prescribed in the act, or otherwise not commenced or prosecuted according to its provisions." None of the earlier litigations answer this definition. "The first libel" was discontinued, not dismissed, and though this was because the respondent threatened to dismiss it, that makes no difference. The libelant invokes our ruling in Adders v. U. S., 70 F.(2d) 371, where he says that we treated a discontinuance as equivalent to a dismissal for the purposes of the amendment; but in this he is mis-

taken. The respondent in that suit did not raise that point in this court, and we assumed that there had been a dismissal; Judge Campbell did not discuss it either, though we have no means of knowing whether it was argued. Moreover, the plaintiff in the original action, whose discontinuance was asserted to be fatal to the libel, had discontinued only after a motion to dismiss had been made and actually granted by the court, and it was apparently only to forestall a formal order that he consented to discontinue. We do not know that the threat to dismiss the "first libel" because of a defect in venue would have been successful if pressed, and if it would, a voluntary discontinuance because of even a justified fear of dismissal was not itself a dismissal; it was not the action of the court. "The first action against the Fleet Corporation" was indeed dismissed both in the District Court and here, but nobody then had any intimation of the doctrine of Johnson v. United States Shipping Board Emergency Fleet Corporation, supra, 280 U.S. 320, 50 S.Ct. 118, 74 L. Ed. 451; and the dismissal was not and could not have been put on the ground that the action did not conform with the Suits in Admiralty Act. "The action against the operator" went to judgment in the plaintiff's favor; that was certainly not a dismissal. "The second action against the Fleet Corporation" was also dismissed, but only because the defendant had not promised to perform the contracts of the Susquehanna Steamship Company. There remains therefore only "the suit in equity." This was not upon a cause of suit "whereon a prior suit * * * was commenced" before January 6, 1930, because while "the first libel," "the first action against the Fleet Corporation," and "the action against the operator" were all on the breach of the contract of carriage, "the suit in equity" was on a promise to pay the judgment in the last of these three. The bill did not charge a breach of that contract, and could not have done so, if the suit was to remain on the equity side.

The argument must therefore be, and, as we understand it, it is, that the decree in "the suit in equity" was the equivalent of a vacation of the judgment in "the action against the operator" and a dismissal of it. As we have said, Judge Woolsey did give as the ground of his decision that that judgment was void because "the action against the operator" had not been within the jurisdiction of the state court. But he followed that opinion by entering a decree dismissing "the suit in equity" for lack of jurisdiction over the subject-matter, and that was an error if his reasons were right. The bill was filed to enforce a promise to pay the judgment, and it was no reason to dismiss it for lack of jurisdiction that the judgment was itself entered in a court which had no jurisdiction over the subject-matter. That was a good reason to dismiss the bill on the merits, because the condition of the promise had been the existence of a valid judgment, and there never had been a valid judgment, but it did not affect the jurisdiction of the District Court over "the suit in equity." Since, under Johnson v. U. S. Shipping Board Emergency Fleet Corporation, supra, 280 U.S. 320, 50 S.Ct. 118, 74 L.Ed. 451, that court did not have jurisdiction over such a bill, all that it could do was so to declare and to dismiss the suit for that reason as we did. Nothing else which the decree might pretend to decide could be res judicata. The vice of the libelant's argument is therefore deeper than the fact that no judgment was ever entered in "the action against the operator," dismissing it because it was not prosecuted as a libel under the Suits in Admiralty Act; we might agree that if a valid judgment had declared that "the action against the operator" had been beyond the jurisdiction of the Supreme Court, that declaration would have been a good estoppel between the parties and the equivalent of a judgment entered in that action. There never has been such a declaration in such a judgment.

Decree affirmed.