## THE PAN AMERICA.

### No. 15433.

District Court, E. D. New York.
Sept. 27, 1938.

Gazan & Caldwell, of New York City, for the motion.

Roscoe H. Hupper, of New York City, opposed.

BYERS, District Judge.

This is a motion of Marco Mendoza to permit him to prosecute his claim for maintenance and cure and damages for alleged negligence at common law "to final award against Roscoe H. Hupper, Esq., Receiver of the S. S. Pan America, and the owners and operators" thereof.

The question for decision is whether Mendoza can assert his claim in an action at common law.

The order appointing the receiver, in paragraph 10, provides among other things:

"Ordered that such operation and all steps taken in connection therewith by said receiver shall be solely for the account of the libellant, and that libellant shall hold said vessel and her owners, and the said Trustees (Trustees in 77B proceedings) harmless * * *".

The Suits in Admiralty Act § 1, 46 U.S. C. § 741, 46 U.S.C.A. § 741, reads in part as follows:

"Section 741. *Exemption of United States vessels and cargoes from arrest or seizure.* No vessel owned by the United States or by any corporation in which the United States or its representatives shall own the entire outstanding capital stock or in the possession of the United States or of such corporation *or operated by or for the United States or such corporation* [Italics supplied] * * * shall, in view of the provision herein made for a libel in personam, be subject to arrest or seizure by judicial process in the United States or its possessions * * *."

In the following section, 46 U.S.C.A. § 742, it is set forth that a libel in personam may be brought against the United States or such corporation, where if the vessel were privately owned a proceeding in admiralty could be maintained.

In 46 U.S.C.A. § 743, there is provision generally that such suits shall be heard and determined as though between private parties. Among other things, it is declared that: "Decrees shall be subject to appeal and revision as provided in other cases of admiralty and maritime jurisdiction. * * *".

The statute makes no mention of any suit against the United States, or such cor-

poration, at common law, and therefore such a remedy must be deemed to have been excluded. See Johnson v. Fleet Corporation, 280 U.S. 320, 50 S.Ct. 118, 74 L.Ed. 451.

At the request of the court, the receiver has submitted for examination a copy of the Shipping Articles of June 30, 1938, when Mendoza signed on before the Shipping Commissioner for the Port of New York. In that part of the Articles headed "Registered Managing Owner or Manager", the following appears:

"American Republics Line
"Brazil Service     River Plate Service
"Steamship Pan America
"Roscoe H. Hupper     H. F.Markwalter
"Admiralty Receiver     Operating Agent
"17 Battery Place
"New York City."

The contractual nature of shipping articles was considered in the case of The Thomas Tracy, 2 Cir., 24 F.2d 372, which has been cited with approval as recently as Peninsular & Occidental S. S. Co. v. National Labor Relations Board, 5 Cir., 98 F.2d 411, at page 414.

It would thus seem clear that Mendoza contracted with the receiver in admiralty, who had no power to employ seamen except as the order of his appointment provided, namely, for operation of the Pan America *on account of the United States.* It follows that the Suits in Admiralty Act alone provides for the form of relief which Mendoza may seek.

For the motion, the case of Foust v. Munson S. S. Lines, 299 U.S. 77, 57 S.Ct. 90, 81 L.Ed. 49, is relied upon. That case decides that, as against the trustees under Section 77B of the Bankruptcy Act, 11 U. S.C.A. § 207, a seaman had a right to prosecute a cause of action similar to the one Mendoza asserts, at common law, in order to have the fancied advantage of a jury trial; it will be seen that the statute presented for consideration in that case is not involved here, and that the Trustees of the Munson Steamship Line were not operating any vessels "for the account of" the United States.

It is accordingly concluded that the motion be granted to this extent: The stay contained in the order appointing the receiver in this cause will be lifted so as to permit Marco Mendoza to institute against the receiver a cause in admiralty in personam. This relief falls within the prayer of the notice of motion "for such other and further relief as may be just and proper".

The motion for leave to prosecute his alleged cause at common law is denied.

Settle order.