**McKENNA et al. v. UNITED STATES.**
Civ. 56–223.

United States District Court
S. D. New York.
April 12, 1950.

Cuddihy & Von Der Lieth, New York City, for plaintiffs.

Irving H. Saypol, U. S. Atty., New York City, for United States.

NOONAN, District Judge.

This is a motion by the defendant, United States of America, to dismiss the action on the grounds that:

1. The Court lacks jurisdiction of the subject matter; and

2. The complainant fails to state a claim against the defendant upon which relief can be granted.

This action is brought by twelve members of the crew of M/V Coastal Viking for one month's wages under Title 46 U.S.C.A. § 594. Plaintiffs state that on or about January 8, 1946, they were hired by defendant to work aboard the M/V Coastal Viking, that they signed the articles, and on January 18, 1946, were discharged without their consent and without fault on their part. Their suit is brought under the provisions of the Tucker Act, Title 28 U.S.C.A. § 1346(a) (2).

The question now before the court is whether or not this action has been properly brought under the Tucker Act or whether the plaintiff's exclusive remedy is provided by the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752.

In Johnson v. U. S. Shipping Board Emergency Fleet Corporation, 280 U.S. 320, 50 S.Ct. 118, 74 L.Ed. 451, it was held that the Suits in Admiralty Act provides the exclusive remedy against the United States for maritime causes of action, arising out of possession and operation of merchant vessels, and precludes suits against the United States under the Tucker Act, Cf. Federal Sugar Refining Co. v. United States, 280 U.S. 320, 50 S.Ct. 118, 74 L.Ed. 451, as well as actions at law in state or federal courts to enforce such causes of action. Sevin v. Inland Waterways Corporation, 5 Cir., 88 F.2d 988.

The plaintiffs urge that this cause of action does not arise out of the operation or possession of a merchant vessel

This position is untenable by the very nature of their complaint.

In the Johnson case, supra, the Court stated, 280 U.S. at page 327, 50 S.Ct. at page 120, 74 L.Ed. 451, that the desired uniformity *would not be had* "if suits under the Tucker Act * * * be allowed against the United States * * * for enforcement of the maritime causes of action covered by the act" i. e. Suits in Admiralty Act.

Further, the Clarification Act of March 24, 1943, 50 U.S.C.A.Appendix, § 1291, provides in part: "(a) Officers and members of crews (hereinafter referred to as 'seamen') employed on United States or foreign flag vessels as employees of the United States through the War Shipping Administration shall, with respect to * * * (3) collection of wages and bonuses and making of allotments, have all of the rights, benefits, exemptions, privileges, and liabilities, under law applicable to citizens of the United States employed as seamen on privately owned and operated American vessels. * * * Any claim referred to in clause (2) or (3) hereof shall, if administratively disallowed in whole or in part, be enforced pursuant to the provisions of the Suits in Admiralty Act (Title 46 §§ 741–752), notwithstanding the vessel on which the seaman is employed is not a merchant vessel within the meaning of such Act."

It provides further: "(b) * * * (i) * * * The term 'wages' means, with respect to service which constitutes employment by reason of this subsection, such amount of remuneration as is determined (subject to the provisions of this section) by the Administrator, War Shipping Administration, to be paid for such service. * * *"

Plaintiff contends that the recovery sought is not one for the collection of wages. However, Section 594 Title 46 U.S.C.A. concludes with the very significant words: "recover such compensation as if it were wages duly earned."

In The Steel Trader, 275 U.S. 388, 391, 48 S.Ct. 162, 163, 72 L.Ed. 326, the Court, in discussing Section 594, said: "The provision that such sum may be recovered 'as if it were wages duly earned' permits the seaman to enforce payment by the special and summary methods provided for collecting his ordinary wages."

 There is no showing by the plaintiff that this claim has been administratively disallowed. Further it seems abundantly clear that the suit should have been brought under the Suits in Admiralty Act. However, the Statute of Limitations is a bar to a suit under that Act at this time.

Section 745, Title 46 U.S.C.A., provides that suits brought under the Suits in Admiralty Act must be brought within two years after the cause of action arises. The cause of action here arose on or about January 18, 1946, and this action was commenced on March 7, 1950.

Therefore, the motion to dismiss the action is granted.