**ABBATTISTA v. UNITED STATES.**

Civ. No. 11063.

United States District Court
D. New Jersey.

Feb. 14, 1951.

Sol Hoberman, Englewood, N. J., for libellant.

Cox & Walburg, Newark, N. J., Grover C. Richman, U. S. Atty., Newark, for respondent.

SMITH, District Judge.

This is a suit in admiralty which was commenced by the libellant under the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752. The libel was filed herein on February 14, 1948, more than two years after the cause of action arose. The suit is before the Court at this time on the motion of the respondent to dismiss it on the ground that the suit is barred by the express provisions of Section 5 of the said Act, 46 U.S.C.A. § 745. This ground was originally interposed as an affirmative defense in the answer filed by the respondent.

The essential allegations of the libel may be briefly summarized. The libel alleges: first, that the libellant was employed by the Ryan Stevedoring Company, apparently an independent contractor; second, that on October 5, 1945 he suffered personal injuries while "working in the * * * hatch" of a vessel which was owned and operated by the respondent; third, that the injuries he then suffered were caused by the negligence of the agents, officers and employees of the respondent; and fourth, that as a result thereof he sustained pecuniary loss and other damage. These allegations may be regarded as true, at least for the purpose of the present motion.

The tort upon which the present claim for damages is based was a maritime tort. There can be no doubt that if the tort occurred on a vessel which was "privately owned or operated" the claim for damages could be enforced against the owner by a suit in admiralty in any court of competent jurisdiction. Atlantic Transport Co. of W. Va. v. Imbrovek, 234 U.S. 52, 34 S.Ct. 733, 58 L.Ed. 1208; Southern Pacific Co. v. Jensen, 244 U.S. 205, 217,

218, 37 S.Ct. 524, 61 L.Ed. 1086; Peters v. Veasey, 251 U.S. 121, 122, 40 S.Ct. 65, 64 L.Ed. 180; Sieracki v. Seas Shipping Co., 3 Cir., 149 F.2d 98, affirmed 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099. The present suit clearly meets the only test prescribed by the statute. Johnson v. U. S. Shipping Board Emergency Fleet Corporation, 280 U.S. 320, 50 S.Ct. 118, 74 L.Ed. 451; United States v. Marine, 4 Cir., 155 F.2d 456, 459. The right of the libellant to maintain this suit under Section 2 of the Suits in Admiralty Act, 46 U.S.C.A. § 742, is therefore not open to question unless, as the respondent contends, his right is barred by the express provisions of Section 5 of the Act, 46 U.S.C.A. § 745.

■■ Section 5 of the Act, supra, provides: "Suits authorized by this chapter may be brought only on causes of action arising since April 6, 1917: Provided, That suits based on causes of action arising prior to the taking effect of this chapter shall be brought within one year after this chapter goes into effect; and *all other suits hereunder shall be brought within two years after the cause of action arises*". (Emphasis by the Court.) This statutory limitation not only bars the remedy but also extinguishes the substantive right created by the Act upon expiration of the period of limitation; the commencement of the suit within the prescribed period is a condition precedent to the right of recovery. See Crescitelli v. United States, 3 Cir., 159 F.2d 377; Kruhmin v. United States, 3 Cir., 177 F.2d 906. It necessarily follows that this suit, commenced more than two years after the cause of action arose, must be dismissed.

■ The libellant contends, however, that notwithstanding the form of the present action the claim for damages may be enforced by an action at law under the Federal Tort Claims Act, as amended, 28 U.S.C.A. §§ 1346, 2401, 2671 et seq. The libellant apparently seeks to avail himself of the period of limitations prescribed by the most recent amendment to the said Act, 28 U.S.C.A. § 2401(b), enacted April 15, 1949. We deem it unnecessary to discuss either the amendment or the contention here made. We must concede that "a right peculiar to the law of admiralty may be enforced either by a suit in admiralty or by one on the law side of the court." Seas Shipping Co. v. Sieracki, 328 U.S. 85, 88, 66 S.Ct. 872, 874, 90 L.Ed. 1099, and the cases therein cited. The present respondent, however, may be sued only upon its consent and in the manner prescribed by statute.

■ The claim for damages here asserted, if we accept the allegations of the libel as true, is a maritime claim enforceable against the respondent only by a suit in admiralty under the Suits in Admiralty Act, supra. This Act was "intended to furnish the exclusive remedy in admiralty against the United States * * * on all maritime causes of action arising out of the possession or operation of merchant vessels." U. S. Shipping Board Emergency Fleet Corporation v. Rosenberg Bros. & Co., 276 U.S. 202, 213, 214, 48 S.Ct. 256, 258, 72 L.Ed. 531. See also Johnson v. U. S. Shipping Board Emergency Fleet Corporation, supra, 280 U.S. 325, 326, 50 S.Ct. 119, 120, 74 L.Ed. 451; Brady v. Roosevelt Steamship Co., 317 U.S. 575, 577, 63 S.Ct. 425, 87 L.Ed. 471. The provisions of the Federal Tort Claims Act may not be invoked where, as here, a remedy is available to the claimant under the Suits in Admiralty Act. The former Act contains the following exception: "The provisions of this chapter and section 1346(b) of this title shall not apply to— * * *

"(d) Any claim for which a remedy is provided by sections 741–752, 781–790 of Title 46, relating to claims or suits in admiralty against the United States." 28 U.S.C.A. § 2680. Any doubt as to the application of the Federal Tort Claims Act is dispelled by this express language.

■ The libellant further contends that he is entitled to the protection of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, and particularly section 205 thereof, 50 U.S.C.A.Appendix, § 525. This contention is based solely on the admitted fact that the "libellant, although not actually in any branch of the military service, was performing work on the steamship usually done by seamen." The contention is clearly without merit. The protection of the said Act is available only to

"persons in military service" who are defined in section 101 thereof, 50 U.S.C.A. Appendix, § 511, as "All members of the Army of the United States, the United States Navy, the Marine Corps, the Coast Guard, and all officers of the Public Health Service detailed by proper authority for duty either with the Army or the Navy." See Osbourne v. United States, 2 Cir., 164 F.2d 767, 769. The protection of the statute is available only to persons within the definition, and "no others." Ibid.

The motion to dismiss the libel is granted. The respondent will submit a proper order to the Court on notice to the libellant.