JOYCE v. UNITED STATES

THE MARINE PERCH.

Civ. A. 1151–51.

United States District Court
D. New Jersey.
July 22, 1952.

Nathan Baker, Newark, for libelant.

Grover C. Richman, Jr., U. S. Atty., Camden, (McAleer & Connell, Jersey City, Haight, Deming, Gardner, Poor & Havens, New York City, of counsel), for respondent.

HARTSHORNE, District Judge.

Plaintiff, as administratrix ad pros of her deceased husband, Hugh W. Joyce, has filed her libel December 7, 1951 against defendant for compensation for his injuries and death under 46 U.S.C.A. §§ 742, 745. Defendant seeks to have the libel dismissed by reason of the following exceptions (1) that it is time barred under 46 U.S.C.A. § 745, (2) that it is not verified under Supreme Court Admiralty Rule 22, (3) that it does not properly allege deceased's employment under the Clarification Act, 50 U.S.C.A.Appendix, § 1291.

The facts, as alleged in the libel, are that plaintiff's husband died December 17, 1947, as a result of being subjected to carbon tetrachloride poisoning while aboard the SS Marine Perch, as an assistant marine engineer, on December 8, 1947, this ship being "owned, managed and controlled" by the United States through the War Shipping Administration, for which the American Export Lines, Inc. were general agents. Previously, on April 11, 1949, Mrs. Joyce filed a complaint at law, demanding a trial by jury, against the American Export Lines, Inc. and the United States, in the United States District Court for the Southern District of New York. This was before the decision by the United States Supreme Court of Cosmopolitan Shipping Company v. McAllister, 1948, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692, which decision, while approving of its previous decision in Caldarola v. Eckert, 1947, 332 U.S. 155, 67 S.Ct. 1569, 91 L.Ed. 1968, overruled its previous decision in Hust v. Moore-McCormack Lines, 1946, 328 U.S. 707, 66 S.Ct. 1218, 90 L.Ed. 1534. In the light of the McAllister decision, the American Export Lines, defendant in this earlier action at law, was successful in having such action dismissed as to it, on the ground that it was not a proper defendant, since the decedent was not employed by it, but by the United States, which owned and operated the SS Marine Perch. Thereafter Mrs. Joyce, defeated in her attempt to obtain a jury trial against American Export Lines, filed the instant libel against the United States, for the same cause of action for which the previous action at law had been filed, in the United States District Court for the Southern District of New York. Following this, that Court apparently noticed a motion itself, to clear its docket of a whole series of cases, including this earlier action at law, and Mrs. Joyce not appearing, same was dismissed for lack of prosecution.

From the foregoing it will be seen that the present libel would be barred by the two-year statute of limitations, unless the action can be considered as one within the intendment of the amendment of December 13, 1950 to 46 U.S.C.A. § 745, which permits certain suits to be brought against the United States within one year of December 13, 1950, even though such suits were previously barred by the two year statute of limitations. This amendment specifically provides that " * * * the limitations contained in this section for the commencement of suits shall not bar any suit against the United States brought hereunder within one year after December 13, 1950, if such suit is based upon a cause of action whereon a prior suit in admiralty or an action at law was timely commenced and was or may hereafter be dismissed solely because improperly brought against any person, partnership, association, or corporation engaged by the United States to manage and conduct the business of a vessel owned or bareboat chartered by the United States or against the master of any such vessel: * * *."

It is, of course, clear that if the first action had been brought against the American Export Lines only and the complaint subsequently dismissed because not brought against the proper party, the present action would be one which would fall within the precise language of the statute. However, the respondent contends that such language does not embrace a situation, where, as here, the United States was named as a co-defendant in the first action, and there was a dismissal first as to the ship's husband for the United States, and

·thereafter as to the United States for failure to prosecute.

There has been but one case called to this Court's attention interpreting the language of this amendment. There, the libelant sued both the general agent and the government in the United States District Court for the Southern District of New York to recover for his injuries. The two-year statute of limitations having already barred the suit against the government, the libel against the United States was dismissed for that reason. The libel against the general agent was then dismissed on the ground that the general agent was not a proper party under Cosmopolitan Shipping v. McAllister, supra. Later suit was brought against the United States on the same cause of action in reliance on the above amendment to Sec. 745. The Court of Appeals held: "It is well known that the amendment was passed to give a remedy against the government to suitors who had been defeated because they had sued others than the government in the belief that they were proper parties and liable under the law as apparently laid down in Brady v. Roosevelt, S.S. Co., 317 U.S. 575, 63 S.Ct. 425, 87 L.Ed. 471 and Hust v. Moore-McCormack Lines, Inc., 328 U.S. 707, 66 S. Ct. 1218, 90 L.Ed. 1534 * * *. We think that the word 'solely' was used in the statute to limit the effective ground of dismissal as to the general agent to a dismissal because it was an improper party as distinguished from a dismissal as to it for any other reason as, for instance, one on the merits. The amendment was remedial in its purpose and the factors required for its application are that a prior suit against the general agent be dismissed only because the general agent was not a proper party and that, after such dismissal, a suit against the United States would be barred by the statute of limitations in effect before the amendment. Both of these requirements are here met and we think it is immaterial that the joinder of the United States in the prior suit, when an action against it was already time barred, resulted in a dismissal as to it for that reason." Cohen v. United States, 2 Cir., 1952, 195 F. 2d 1019, 1021.

However, respondent says the Cohen case is distinguishable from the instant action because, at the time of the institution of the first suit against the government, such action was not barred by the two-year statute of limitations.

But the two factors which the Cohen case sets down as being requisite to the applicability of the December 13, 1950 amendment, namely, that "a prior suit against the general agent be dismissed only because the general agent was not a proper party and that, after such dismissal, a suit against the United States would be barred by the statute of limitations in effect before the amendment", are both met here. It thus remains to be determined whether or not the joinder of the United States in the first action was material.

There is no question but that the United States could not be sued, under the facts of this case, in an action at law. The suits in Admiralty Act, 41 Stat. 525, 46 U.S. C.A. § 741, "furnishes the exclusive remedy" in cases such as the present against the United States. Johnson v. U. S. Shipping Board Emergency Fleet Corp., 1929, 280 U.S. 320, 50 S.Ct. 118, 120, 74 L.Ed. 451. Not only was the joinder of the United States thus ineffective in the first action at law, but both Mrs. Joyce and the United States therein fully realized it was a nullity. Mrs. Joyce frankly admits she joined the United States in such action solely to obtain a jury trial against the American Export Lines. Then, when she found this to be a false hope, due to the McAllister decision, supra, she filed the instant libel in admiralty against the United States in the present suit, after the enactment of the above remedial act, 46 U.S.C.A. § 745, supra, for the identical cause of action alleged in the above action at law in the Southern District of New York, and before that action had formally been dismissed as to the United States.

Moreover, respondent United States also considered the joinder of the United States in such earlier action to be a nullity. For it never even bothered to file an answer in such action.

Finally, instead of this dismissal of the United States as the sole remaining party

defendant in the first action having been taken at the instance of respondent United States, it was apparently taken by the Court itself, as a purely formal proceeding, to clear its docket of a whole host of matters which had been abandoned by the parties litigant thereto. In short, from the beginning, not only Mrs. Joyce, but the United States, as well, treated its joinder in the earlier action at law as a mere nullity. Surely the respondent United States cannot now be heard to claim that that which it, and Mrs. Joyce, and the Court itself, treated as a nullity, should now be considered so material as to prevent libelant from receiving the benefit of the remedy, to which otherwise she stands clearly entitled.

Respondent, which frankly admits the action at law would not lie against it, nevertheless contends that such action could have been transferred to the admiralty side. But none of its citations apply to the United States, and to the contrary, we find Independent Casing & Supply Co. v. Roosevelt S.S. Company, Inc., D.C.N.D.N.Y.1930, 44 F.2d 858, where such a transfer was refused in a similar situation in the very district in question, relying upon Johnson v. U. S. Shipping Board Emergency Fleet Corporation, supra, where the United States Supreme Court similarly failed to grant such transfers. In other words, even if, arguably, such a transfer might have been enforced on ultimate appeal, libelant here was justified in not inviting any such protracted litigation, as to an angle of the matter which both parties had treated as a nullity, but instead, in starting its new libel proceeding here, under the Remedial Act, with the conditions of which it had complied, as held in the Cohen case, supra.

The substantial facts thus are that, save for this situation mutually treated as a nullity, "a prior * * * action at law was timely commenced and was * * * dismissed solely because improperly brought against (one) engaged by the United States to manage * * * a vessel owned * * by the United States" and not on the merits, the very situation intended by Congress to be remedied. Further, the legislative history of this remedial amendment indicates that Congress felt that "litigants should not be made the victims of the legal confusion regarding the proper remedy in such cases * * *. Legislative relief is requisite not only to save to litigants possessing meritorious claims their right to a day in court, but also to settle the question of remedy in future cases." 1950 U.S.Code Cong. Service, p. 4209, 10. Since, as the Cohen case supra holds, "the overriding consideration is that the intent of Congress * * * must be given effect", and since Mrs. Joyce is clearly a "victim of the legal confusion", to aid which victims the act in question was passed, the present libel is not time barred.

▬ Respondent further excepts to the libel on the ground that same was not verified as required by Admiralty Rule 22, 28 U.S.C. But it will be noted that by Rule 23, not only may amendments be made "in matters of form * * * as of course" but "amendments in matters of substance may be made". And "It has always been the practice in American admiralty courts to allow the parties every opportunity to place their whole case before the court and to enable the court to administer substantial justice between the parties. It is therefore the long-established rule that omissions and deficiencies in pleadings may be supplied and errors and mistakes in practice in matters of substance, as well as of form may be corrected at any stage of the proceedings for the furtherance of justice. 2 Benedict on Admiralty (6th Ed.), 577. * * * In accordance with these principles it is held that an amendment of a libel dates back to the original filing. Flynn Export Co. v. E. D. 2 Benedict on Admiralty, 562. This is true even though the statute of limitations has intervened (citing cases)." Deupree v. Levinson, 6 Cir., 1950, 186 F.2d 297, 303, certiorari denied 1951, 341 U.S. 915, 71 S.Ct. 736, 95 L. Ed. 1351. The requisite amendment may here be had on prompt application.

▬ As to respondent's final exception that decedent's employment is not properly alleged, it should be noted that the libel alleges he "was employed aboard the SS Marine Perch" and that "the respondent,

the United States of America, owned, managed and controlled * * * the SS Marine Perch." The ship being alleged to be a "SS", not a "USS", is clearly a merchant vessel. The employment would otherwise seem properly alleged, but if not, same is, of course amendable, under the above authorities.

Respondent's exceptions will be dismissed. An order may be entered accordingly.